**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. MARK CHRISTOPHER TRACY,**<br><br>Plaintiff,<br><br>v.<br><br>**EMIGRATION IMPROVEMENT DISTRICT, a Utah Special Service District, ET AL.**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:14cv00701-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is *qui tam* relator Mark Christopher Tracy's ("Plaintiff") motion for leave to file the second amended complaint.[2] Plaintiff previously filed the second amended complaint under seal and in camera pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and the court's order.[3] The court has carefully reviewed the memoranda submitted by the parties, including three different oppositions.[4] Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the

---

[1] Docket nos. 6 and 46.

[2] Docket no. 77.

[3] Docket no. 42.

[4] Docket nos. 80, 81 and 85.

basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted to allow related issues to be decided together and on the merits. In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

Defendants fail to establish undue delay or prejudice, or a bad faith or dilatory motive. Similarly, Defendants fail to establish at this stage that the amendment would clearly be futile. Accordingly, Plaintiff's motion for leave to file the second amended complaint is **GRANTED**.[5] Within 5 days of the date of this order, Plaintiff shall file its second amended complaint.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] Docket no. 77.