# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. MARK CHRISTOPHER TRACY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EMIGRATION IMPROVEMENT DISTRICT, a Utah Special Service District, ET AL.**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:14cv00701-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion by Defendants Emigration Improvement District, Michael Hughes, Mark Stevens, David Bradford, Fred R. Smolka, Eric Hawkes, and Lynn Hales (collectively the "Defendants") for attorneys' fees and expenses under 31 U.S.C. § 3730(d)(4).[2]

The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Defendants assert that the underlying action is "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," and thus Defendants are entitled to an award of

---

[1] Docket nos. 6 and 46.

[2] Docket no. 75.

attorneys' fees and expenses under the False Claims Act. The relevant portion of the False Claims Act states:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses *if the defendant prevails in the action* and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4) (emphasis added).

Here, the court needs not determine whether the action is "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," because Defendants have not "prevail[ed] in the action." 31 U.S.C. § 3730(d)(4). To the contrary, the matter has not yet been litigated to any significant degree and no determinations have been made on the merits. Accordingly, Defendants' motion for attorneys' fees under 31 U.S.C. § 3730(d)(4) is **DENIED** without prejudice as premature.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge