IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. MARK CHRISTOPHER TRACY<br><br>Plaintiff,<br><br>v.<br><br>EMIGRATION IMPROVEMENT DISTRICT, a Utah Special Service District; et al.;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISQUALIFYING CHRISTENSEN & JENSEN P.C.**<br><br>Case No. 2:14-cv-701-JNP<br><br>District Judge Jill N. Parrish |

On June 17, 2016, the court issued an Order to Show Cause requiring plaintiff's counsel to show why they should not be disqualified due to a conflict of interest. (Docket 147). They responded on June 20, 2016. (Docket 149). Upon review of the response, relevant law, and the conduct at issue in this case, the court issues this Order Disqualifying Christensen & Jensen, P.C., and attorney Phillip Lowry.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2016, Defendants filed a Motion to Release Lis Pendens and for Attorneys' Fees. (Docket 102). Defendants argued that the named plaintiff, Mark Tracy, his attorney, Phillip Lowry, and Mr. Lowry's law firm, Christensen & Jensen, P.C. ("Christensen & Jensen"), recorded a wrongful lis pendens regarding this lawsuit. Defendants requested an order from this court releasing the lis pendens and awarding them $10,000 in statutory damages, as well as attorneys' fees, "to be paid by Mark Christopher Tracy and his counsel." After the motion was fully briefed, the court heard oral argument and granted the motion from the bench. The court ruled that the lis pendens was wrongful and that statutory damages and an award of attorneys'

fees were appropriate. The court then instructed Defendants to file a proposed judgment consistent with its ruling.

On June 9, 2016, Defendants filed a proposed judgment holding the named plaintiff, Mark Tracy, his attorney, Phillip Lowry, and Mr. Lowry's law firm, Christensen & Jensen, jointly liable for the wrongful lien and the attorneys' fees. On June 16, 2016, Mr. Lowry filed a document entitled "Objection to Proposed Judgment" (the "Objection") purportedly on behalf of Mr. Tracy and Christensen & Jensen. (Docket 145). But the objection failed to raise any arguments on Mr. Tracy's behalf. Instead, the Objection asserted only that Mr. Lowry and Christensen & Jensen should not be held liable for the wrongful lis pendens lien. Rather, it asserted that Mr. Tracy should be solely liable. In short, while the Objection advanced the interests of Mr. Lowry and Christensen & Jensen, it did so at the expense of their client's interests.

The court was concerned that the position taken by Mr. Lowry and Christensen & Jensen was directly adverse to their client, Mr. Tracy. Specifically, Mr. Tracy appears to be best served by a judgment holding Mr. Lowry and Christensen & Jensen jointly liable with him. In contrast, as is apparent from the Objection, Mr. Lowry and Christensen & Jensen prefer to avoid joint liability. Because the client's interests appeared to be directly adverse to those of counsel, the court issued an Order to Show Cause instructing Mr. Lowry and Christensen & Jensen to show why they should not be disqualified for the apparent conflict of interest. (Docket 147). They responded on June 24, 2016.

## ANALYSIS

Under Tenth Circuit law, "[i]t is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge.'" *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.*, 518 F.2d 311, 314

(10th Cir. 1975)). The Tenth Circuit has set forth a two-step process for determining whether to disqualify counsel. First, because "attorneys are bound by the local rules of the court in which they appear," the court must consider whether the attorney has violated the court's local rules on attorney conduct. *Id.* If so, the court must then determine whether the violation merits disqualification based on applicable federal standards. *Id.*

I. **Mr. Lowry and Christensen & Jensen violated the Utah Rules of Professional Conduct.**

The District of Utah has adopted the Utah Rules of Professional Conduct. DUCivR 83-1.1(g). Rule 1.7 of the Utah Rules of Professional Conduct provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (a)(1) The representation of one client will be directly adverse to another client; or
> (a)(2) There is a significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under (a), a lawyer may represent a client if:
> (b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (b)(2) the representation is not prohibited by law;
> (b)(3) the representation does not involve the assertion of one claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (b)(4) each affected client gives informed consent, confirmed in writing.

Mr. Lowry and Christensen & Jensen advance two arguments for why they have no conflict of interest in this case. First, they argue that their "objecting to frivolous arguments that manufacture an apparent conflict of interest between Mr. Tracy and [Christensen & Jensen] does not give rise to an actual conflict of interest." Second, they contend that any conflict of interest

3

has been waived by Mr. Tracy in accordance with the Utah Rules of Professional Conduct. Neither of these arguments, however, is supported by the law or the facts.

### A. Mr. Lowry and Christensen & Jensen have a conflict of interest in this case.

Mr. Lowry and Christensen & Jensen contend that "objecting to frivolous arguments that manufacture an apparent conflict of interest between Mr. Tracy and [Christensen & Jensen] does not give rise to an actual conflict of interest." But this statement grossly distorts the facts of the case. The court previously ruled that the lis pendens filed by Mr. Lowry, on behalf of Mr. Tracy, constituted a wrongful lien. And under Utah law, a prevailing party on a motion to release a wrongful lien is entitled to attorneys' fees. Utah Code § 78B-6-1304(6). Similarly, Utah law provides that: "A person is liable to the record owner of real property for $10,000 . . . and for reasonable attorney fees and costs, who records or causes to be recorded a wrongful lien, . . . knowing or having reason to know that [it] . . . is a wrongful lien." Utah Code § 38-9-203(3).

Defendants' arguments that Mr. Lowry and Christensen & Jensen are liable for the wrongful lien are neither "frivolous" nor merely an attempt to "manufacture" a conflict of interest. Indeed, the plain language of the governing statute, as well as the related case law, provide that an attorney who files a wrongful lien is liable to the record property holder. *See, e.g.*, *Winters v. Schulman*, 977 P.2d 1218, 1224 (Utah Ct. App. 1999) (holding an attorney liable for filing a wrongful lien on behalf of client). While the firm and Mr. Lowry dispute whether they can be subject to a judgment in this case without being named as parties, that dispute does not render Defendants' position "frivolous."[1]

And the serious conflict of interest in this case was not "manufactured" by Defendants. Rather, it is the result of Mr. Lowry and Christensen & Jensen's own attempts to shift all liability

---

[1] As further explained below, the conflict of interest that currently permeates this case requires Mr. Tracy to obtain independent counsel before the court may resolve this dispute.

4

from themselves onto their client. That conflict of interest is not merely potential or hypothetical. It is an actual conflict of interest that has already arisen and impacted the litigation. The position asserted by Mr. Lowry and Christensen & Jensen is directly adverse to Mr. Tracy's interest. "There is an obvious conflict of interest" between a lawyer and a client "on the issue of who should be liable" for the wrongful lien. *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990).

> As the court stated in the Order to Show Cause:
>
>> Mr. Tracy appears to be best served by a judgment rendering Mr. Lowry and Christensen & Jensen, P.C. jointly liable with him. In contrast, as is apparent from the Objection, Mr. Lowry and Christensen & Jensen, P.C. prefer to avoid joint liability.

In their response, Mr. Lowry and Christensen & Jensen admit that their interests "perhaps diverge" from Mr. Tracy's, but maintain that "Mr. Tracy himself is best positioned to determine what is and is not in his best interest." They fail to explain, however, how it could possibly be in Mr. Tracy's best interest for him to be solely liable while allowing them to escape all liability for Mr. Lowry's filing of the wrongful lien. And even if Mr. Tracy believes that his best interests are being served by Mr. Lowry and Christensen & Jensen's arguments against joint liability, there is a serious question as to whether that belief is based on self-interested advice given by Mr. Lowry and Christensen & Jensen.

In short, Mr. Lowry and Christensen & Jensen have provided the court with no authority, from any court in the nation, allowing a lawyer to advance an argument on his own behalf that is adverse to his client. "It is axiomatic that an attorney cannot represent two clients whose interests are actually, as opposed to potentially, conflicting." *U.S. Fid. & Guar. Co. v. Louis A Roser Co.*, 585 F.2d 932, 939 (8th Cir. 1978). Accordingly, the court holds that Mr. Lowry and Christensen & Jensen have a conflict of interest in this case.

### B. The conflict of interest may not be waived by Mr. Tracy.

Mr. Lowry and Christensen & Jensen next contend that any conflict of interest has been waived by Mr. Tracy. But they have not demonstrated that the conflict of interest in this case is waivable under the Utah Rules of Professional Conduct. And even were it waivable, they have not demonstrated that Mr. Tracy waived the conflict of interest in accordance with the Utah Rules of Professional Conduct.

Rule 1.7(b) of the Utah Rules of Professional Conduct provides:

> (b) Notwithstanding the existence of a concurrent conflict of interest under (a), a lawyer may represent a client if:
> (b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (b)(2) the representation is not prohibited by law;
> (b)(3) the representation does not involve the assertion of one claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (b)(4) each affected client gives informed consent, confirmed in writing.

Mr. Lowry and Christensen & Jensen contend that because Christensen & Jensen "and Mr. Tracy are not actively asserting adverse claims against each other," any conflict of interest is waivable. But that is simply not true. While Mr. Lowry and Christensen & Jensen assert that Mr. Tracy is solely liable for the sanctions and statutory damages at issue, they provide no explanation for how an attorney could possibly "reasonably believe[] that the lawyer will be able to provide competent and diligent representation to each affected client" while actively pursuing the lawyer's own best interest at the direct expense of his client. No attorney can reasonably believe his or her duty of loyalty to the client is fulfilled while he or she affirmatively argues against the interests of that client.

The conflict of interest in this case is not merely potential or hypothetical. An actual conflict of interest has arisen. The position already asserted by Mr. Lowry and Christensen & Jensen is directly adverse to Mr. Tracy's interest. Such a conflict is not waivable, "meaning that the lawyer cannot properly ask for a waiver or provide representation on the basis of the client's consent." *In re Marriage of Wixom & Wixom*, 332 P.3d 1063, 1075 (Wash. Ct. App. 2014); *see also* Utah R. Prof. Conduct 1.7 cmt. 14. Accordingly, the court holds that Mr. Tracy may not waive the conflict at issue in this case.

Furthermore, even if such a waiver were possible, Mr. Lowry and Christensen & Jensen have not demonstrated that Mr. Tracy gave "informed consent, confirmed in writing." Rather, they simply state that Mr. Tracy "has confirmed in writing that he consents to [Christensen & Jensen's] objecting to joint and several liability." But Mr. Lowry and Christensen & Jensen have not produced the written waiver. The court does not know if they fully disclosed the ramifications of their adverse arguments to Mr. Tracy before he provided his consent. Similarly, the court does not know if they informed him that he may have grounds to contend that Mr. Lowry and Christensen & Jensen should be solely liable for the wrongful lien. Finally, Mr. Lowry and Christensen & Jensen have not indicated whether Mr. Tracy gave his "consent" before or after they advanced the arguments that are adverse to his interests. Thus, Mr. Lowry and Christensen & Jensen have not demonstrated that Mr. Tracy gave "informed consent, confirmed in writing" even purporting to waive the conflict (were such a conflict waivable).

The court accordingly holds that Mr. Lowry and Christensen & Jensen have violated the Utah Rules of Professional Conduct.

### C. The conflict merits disqualification.

Having determined that Mr. Lowry and Christensen & Jensen violated the Utah Rules of Professional Conduct, the court must now consider whether they should be disqualified from

representing Mr. Tracy in this case. "Ordinarily, the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." *Weeks v. Indep. Sch. Dist.*, 230 F.3d 1201, 1207 (10th Cir. 2000) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)). And "[a] district court has broad discretion in imposing the remedy of disqualification." *Id.* at 1211.

In *Parkinson v. Phonex Corp.*, this court set forth a non-exhaustive list of factors to consider in determining whether disqualification is appropriate. 857 F. Supp. 1474, 1476 (D. Utah 1994). Those factors include: 1) the egregiousness of the violation; 2) the presence or absence of prejudice; 3) whether and to what extent there has been a diminution of effectiveness of counsel; and 4) the stage of the proceedings. *Id.* Upon review of these factors, the court concludes that disqualification is merited in this case.

First, the egregiousness of the offense weighs in favor of disqualification. As explained above, Mr. Lowry and Christensen & Jensen violated the Utah Rules of Professional Conduct by advancing arguments to serve their own interests at the direct expense of their client's interests. This was a serious breach of the rules governing conflicts of interests, as well as the duty of loyalty owed to their client. Indeed, it is difficult to conceive of a more serious violation of the rules than when an attorney advances arguments that are directly contrary to his client's interests. The integrity of the legal profession and this country's system of justice depend, at least in part, on counsels' loyalty to their client. When an attorney does not heed an admonition to withdraw, he injures the profession, does a disservice to the court, and runs the risk of even subverting the justice system. *See Int'l Bus. Machs. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978). A client must be able to rely on the fact the lawyer is adequately protecting the client's interests. Accordingly, the egregiousness of the offense weighs in favor of disqualification.

Second, there is prejudice to Mr. Tracy. As fully explained above, Mr. Tracy's interests have been directly prejudiced by having his own counsel advance arguments against his interests. Thus, this factor also weighs in favor of disqualification.

Third, there has been a significant diminution of the effectiveness of counsel in this case. This case has ground to a halt due to the conflict of interest. The court needs to make a determination as to whether Mr. Lowry, Christensen & Jensen, and Mr. Tracy are liable for the attorneys' fees and statutory damages related to the wrongful lien. But there is no way to resolve that dispute before Mr. Tracy obtains independent counsel. Defendants contend that Mr. Lowry, Christensen & Jensen, and Mr. Tracy are all jointly liable. Mr. Lowry and Christensen & Jensen contend that only Mr. Tracy is liable. But, to this point, no arguments have been advanced on Mr. Tracy's behalf.

Even a cursory review of the relevant statute reveals that Mr. Tracy may have a defense to liability related to the wrongful lien and an argument that all liability should be borne by Mr. Lowry and Christensen & Jensen. One of the relevant statutes imposes liability on any individual "who records or causes to be recorded a wrongful lien, . . . knowing or having reason to know that [it] . . . is a wrongful lien." Utah Code § 38-9-203(3). Mr. Tracy's liability may therefore depend, at least in part, on whether he caused Mr. Lowry to record the lien and on the advice that Mr. Lowry provided to him regarding the filing of the lien. The court does not express any opinion as to whether the facts in this case would justify such a defense. Rather, the court is concerned that these arguments have not been advanced precisely because of the conflict of interest in this case. *See White*, 908 F.2d at 685 (considering that the lack of briefing on an issue "may have resulted . . . from the very conflict" of interest recognized by the court). Accordingly,

the adversarial briefing in this case will not be complete until Mr. Tracy obtains outside counsel. This weighs in favor of disqualification.

Finally, the stage of the proceeding also weighs in favor of disqualification. While the case was filed some time ago, much of the elapsed time was spent waiting for the United States to determine whether it would intervene in this action. The parties have recently completed the briefing on motions to dismiss under Rule 12(b)(6), but oral argument has not occurred. The case is still in the earliest stage. This also weighs in favor of disqualification.

The weight of the factors listed above favor disqualification. However, Mr. Lowry and Christensen & Jensen advance one further argument against disqualification. They contend that their conflict of interest relates only to the issues surrounding the wrongful lien and not to Mr. Tracy's underlying claims. But this is immaterial. An attorney may not violate his ethical obligations in one part of a case, get caught, refuse to acknowledge the violation, and then avoid the sanction of disqualification because the violation does not relate to *every* aspect of the case. As was explained above, Mr. Tracy will need to obtain outside counsel to resolve the issues related to the liens. And the court sees no reason why Mr. Lowry and Christensen & Jensen should be allowed to resume their representation after those issues are resolved.

In fact, that argument typifies Mr. Lowry and Christensen & Jensen's troubling attitude towards their unethical behavior in this case. The court identified what it believed was a serious conflict of interest and issued an Order to Show Cause requiring Mr. Lowry and Christensen & Jensen to respond. Their response, which consists of only four pages, largely dismisses the court's concern. They do not take any responsibility for either the filing of the original wrongful lien or, more importantly, for the behavior that resulted in the violation of the Utah Rules of Professional Conduct. Incredibly, the final argument advanced by Mr. Lowry and Christensen &

Jensen is the exact same argument that created the conflict—namely, that all the liability belongs to Mr. Tracy.

In conclusion, the court holds that Mr. Lowry and Christensen & Jensen have violated the Utah Rules of Professional Conduct and should be disqualified from representing Mr. Tracy in this matter.

## II.      Order Regarding Future Proceedings

The court has already determined that the lien filed by Mr. Lowry was wrongful. Due to the conflict of interest permeating this case, the court has yet to determine who is liable for the damages and fees associated with that wrongful lien. In light of the conflict of interest and the disqualification, the court strikes Mr. Lowry's and Christensen & Jensen's Objection to Defendants' proposed judgment. (Docket 145) Mr. Tracy is instructed to obtain other counsel by August 31, 2016. After entering a notice of appearance, Mr. Tracy's new counsel will have 14 days to respond to Defendants' proposed judgment on Mr. Tracy's behalf.

The court cautions that, even after disqualification, Mr. Lowry and Christensen & Jensen still owe duties to Mr. Tracy. First, Mr. Lowry and Christensen & Jensen must not improperly disclose any of Mr. Tracy's confidential information. Second, Mr. Lowry and Christensen & Jensen owe duties to Mr. Tracy as a former client under the Utah Rules of Professional Conduct Rule 1.9, which states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related mater in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Strictly read, that rule may prevent Mr. Lowry and Christensen & Jensen from representing themselves in this matter. But there may be exceptions to that rule when an attorney seeks to represent himself. *See, e.g.*, *Wixom*, 332 P.3d at 1076–77 (considering the possible exception).

The court expresses no opinion at this time regarding whether such representation is possible under the Utah Rules of Professional Conduct. Rather, if Mr. Lowry and Christensen & Jensen desire to represent themselves, they must first seek the court's permission by filing a motion and memorandum detailing why the representation is permissible under the Utah Rules of Professional Conduct. Accordingly, Mr. Lowry and Christensen & Jensen are directed to either obtain outside counsel or to request the court's permission to represent themselves by September 16, 2016.

The court will determine who is liable for the filing of the wrongful lien and the associated attorneys' fees after all parties have complied with this order and adversarial briefing on the issue is complete.

Signed August 4, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge