IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MARK CHRISTOPHER TRACY,<br><br>Plaintiff,<br>v.<br><br>EMIGRATION IMPROVEMENT DISTRICT, *et al.*,<br><br>Defendants. | **AMENDED**[1] **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS**<br><br>Case No. 2:14-cv-00701<br><br>District Judge Jill N. Parrish |

## I.  INTRODUCTION

In the words of Relator Mark Christopher Tracy, "This lawsuit is simple." He asserts two causes of action. Both arise under the False Claims Act. The first is barred by the applicable statute of limitations because the alleged violations occurred almost ten years before Mr. Tracy filed suit. The second fails because it is based on conclusory allegations that are contradicted by a document that Mr. Tracy incorporated by reference into his complaint. Mr. Tracy has amended his complaint three times, and letting him do so a fourth time would prove futile. Accordingly, Mr. Tracy's third amended complaint is dismissed with prejudice as to the defendants that have moved to dismiss.

---

[1] This memorandum decision and order has been amended to correct the typographical errors identified by Mr. Tracy in his response to the court's order to show cause (ECF No. 225).

## II. STATEMENT OF FACTS

Mr. Tracy's third amended complaint spans 93 pages. There are twenty-two named defendants[2] and 145 unnamed "Doe" defendants. For the sake of brevity, the court highlights the most salient points, of which there are few:

Defendant Emigration Improvement District, which the court will refer to as the District, is a special service district organized under the laws of the State of Utah. The District was created to provide water and sewer services to the residents of Emigration Canyon, a township in Salt Lake County, Utah. The District has the power to issue bonds, charge fees and assessments, and levy taxes on the residents of Emigration Canyon.

On or about September 29, 2004, the District received the final disbursement of a $1.846 million loan. The loan came from Utah's Drinking Water State Revolving Fund, which uses federal funds to finance the construction of water systems for drinking or culinary water.

Mr. Tracy filed his initial complaint on September 26, 2014. His current complaint, the third amended complaint, alleges two causes of action under the False Claims Act. First, he alleges that the District and its co-conspirators made false statements that induced the Government to disburse the proceeds of the $1.846 million loan. Second, he alleges that the District, after the loan proceeds were disbursed, failed to comply with conditions of the loan and failed to report this noncompliance to the Government.

---

[2] The twenty-two named defendants are Emigration Improvement District; Barnett Intermountain Water Consulting; Carollo Engineers, Inc.; Aqua Environmental Services, Inc.; Aqua Engineering, Inc.; R. Steve Creamer; Fred A. Smolka; Michael Hughes; Mark Stevens; David Bradford; Lynn Hales; Eric Hawkes; Don A. Barnett; Joe Smolka; Ronald R. Rash; Kenneth Wilde; Michael B. Georgeson; Kevin W. Brown; Robert Rousselle; Larry Hall; The Boyer Company, L.C.; and City Development, Inc.

Mr. Tracy voluntarily dismissed his claims against Aqua Environmental Services, Inc.; Aqua Engineering, Inc.; Robert Rouselle; and Larry Hall. And Mr. Tracy has not served The Boyer Company, L.C. and City Development, Inc.

## III.  DISCUSSION

A number of the defendants move to dismiss Mr. Tracy's third amended complaint with prejudice.[3] First, these defendants argue that the first cause of action is barred by the six-year statute of limitations found at 31 U.S.C. § 3731(b)(1). Second, these defendants argue that the second cause of action fails to state a claim because Mr. Tracy has not alleged that the defendants were obligated to pay or transmit money or property to the Government, a requirement of the provision upon which Mr. Tracy bases the second cause of action. The court agrees with both arguments and concludes that it would be futile to let Mr. Tracy amend his complaint for a fourth time. Accordingly, Mr. Tracy's third amended complaint is dismissed with prejudice as to the defendants that have moved to dismiss.

### A.  MOTION STANDARD: RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim upon which relief cannot be granted. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties may present at trial but to assess whether a party's allegations are legally sufficient to state a claim upon which relief can be granted. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Where the allegations are merely "label and conclusions" or a "formulaic

---

[3] The defendants that have moved to dismiss are Emigration Improvement District; Fred A. Smolka; Michael Hughes; Mark Stevens; David Bradford; Lynn Hales; Eric Hawkes; R. Steve Creamer; and Carollo Engineers.

recitation of the elements of a cause of action," the plaintiff's claim will not survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Moreover, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations, for example, show that relief is barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Id.*; *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

### B. THE FIRST CAUSE OF ACTION: DIRECT FALSE CLAIMS UNDER 31 U.S.C. § 3729

Mr. Tracy alleges that "Defendants knowingly presented or caused to be presented a false or fraudulent claim to an officer or employee of the United States Government—or to a contractor, grantee, or other recipient—in order to induce disbursement of $1.846 million in federal funds," Third Am. Compl. ¶ 502, and that "Defendants knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the United States Government—or by a contractor, grantee, or other recipient—in order to induce disbursement of $1.846 million in federal funds," Third Am. Compl. ¶ 507. Specifically, the District and its co-conspirators "made misrepresentations to the federal government or its agents that induced the federal government or its agents to disburse the $1.846 million loan." Third Am. Compl. at 8. "On or about September 29, 2004, [the District] received the final disbursement of [the] . . . $1.846 million loan . . . ." Third Am. Compl. ¶ 40.

The first cause of action is based on § 3729(a)(1)(A) and § 3729(a)(1)(B), which impose liability on any person who (A) "knowingly presents, or causes to be presented, a false or

fraudulent claim for payment or approval" or (B) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." § 3729(a)(1)(A), (B). Section 3730(b)(1) provides that "[a] person may bring a civil action for violation of section 3729 . . . ."

Section 3731(b) provides the applicable statute of limitations for claims brought under § 3730:

> (b)  A civil action under section 3730 may not be brought—
>
> > (1)  more than 6 years after the date on which the violation of section 3729 is committed, or
> >
> > (2)  more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, which occurs last.

But the statute of limitations found at § 3731(b)(2) "was not intended to apply to private qui tam relators." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006). So only the six-year statute of limitations found at § 3731(b)(1) "applies to actions pursued by private qui tam relators." *United States ex rel. Told v. Interwest Const. Co.*, 267 F. App'x 807, 809 (10th Cir. 2008); *see also Sikkenga*, 472 F.3d at 725–26.[4]

---

[4] Mr. Tracy, citing *United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1217 (9th Cir. 1996), and *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1088–90 (11th Cir. 2018), argues that "the better-reasoned cases" have allowed private qui tam relators to rely on the statute of limitations found at § 3731(b)(2). But these cases are contrary to the Tenth Circuit's holding in *Sikkenga*, and this court must follow Tenth Circuit precedent, irrespective of the court's views as to the "advantages of the precedent of [other] circuits." *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). The Tenth Circuit has also declined, at least once, to reconsider its interpretation of § 3731(b): "Because '[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court, we decline [the relator's] novel invitation to revisit our decision in *Sikkenga*.'" *Told*, 267 F. App'x at 809 (citation omitted).

**1. The First Cause of Action is Barred by the Statute of Limitations**

Mr. Tracy is a private qui tam relator. The Government declined to intervene in this case on three separate occasions. Mr. Tracy urges to court to disregard Tenth Circuit precedent and apply the statute of limitations found at § 3731(b)(2). *See supra* note 4. But this court is bound by Tenth Circuit precedent, and the Tenth Circuit has held that the six-year statute of limitations found at § 3731(b)(1) applies to actions pursued by private qui tam relators. Consequently, a six-year statute of limitations applies to Mr. Tracy's first cause of action.[5]

Here, Mr. Tracy's claims are barred by the six-year statute of limitations. First, any alleged violation of § 3729(a)(1)(A) or § 3729(a)(1)(B) must necessarily have occurred on or before September 29, 2004, the date on which the District received "the *final* disbursement of

---

[5] The Tenth Circuit refers to § 3729(b)(1) as a six-year statute of limitations. *Sikkenga*, 472 F.3d at 726 ("[W]e are hard pressed to describe a circumstance where the six year statute of limitations in § 3731(b)(1) would be applicable."); *Told*, 267 F. App'x at 809 ("[T]he [False Claims Act's] six-year statute of limitations applies to actions pursued by private qui tam realtors."). But when a private qui tam relator brings suit, § 3731(b)(1) technically operates as a statute of repose, not a statute of limitations. "A statute of repose 'bar[s] any suit that is brought after a specified time since the defendant acted . . . , even if this period ends before the plaintiff has suffered a resulting injury." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182 (2014) (citation omitted). The central difference between a statute of limitations and a statute of repose is that statutes of limitations "are subject to equitable tolling, a doctrine that 'pauses the running of, or "tolls," a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Id.* at 2183 (citation omitted). In contrast, a statute of repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *Id.* Section 3731(b), when applied to claims brought by private qui tam relators, provides: "A civil action under section 3730 may not be brought . . . more than 6 years after the date on which the violation of section 3729 is committed." Thus, under the Tenth Circuit's interpretation, § 3731(b) bars *all* suits brought by private qui tam relators (but not the Government) if the suit is brought six years after the underlying violation; there is no tolling. In short, the Tenth Circuit has interpreted § 3731(b) so that private qui tam relators cannot sue persons who violate the False Claims Act if six years have passed since the date of the violation. *Cf. CTS Corp.*, 134 S. Ct. at 2183 ("[A] statute of repose is a judgment that defendants should 'be free from liability after a legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.'" (citation omitted)). Nevertheless, the court, so as to maintain consistency with the Tenth Circuit, will refer to § 3729(b)(1) as a statue of limitations, even if it is a bit of misnomer.

[the] . . . $1.846 million loan." (emphasis added).[6] Mr. Tracy's explains that his first cause of action is based on a theory that the District and its co-conspirators violated the False Claims Act by making false statements to the Government that induced the Government to disburse the $1.846 million loan. Any false statements that induced the Government to disburse the $1.846 million loan must necessarily have occurred before the date of the final disbursement: September 29, 2004. Second, Mr. Tracy filed this action on September 26, 2014—almost ten years after the last possible date on which the defendants allegedly violated § 3729(a)(1)(A) or § 3729(a)(1)(B) by making false statements to the Government. Accordingly, Mr. Tracy's first cause of action is barred by § 3731(b) because it was brought almost ten years after the defendants supposedly violated § 3729(a)(1)(A) or § 3729(a)(1)(B).

### 2. The First Cause of Action Must Be Dismissed with Prejudice

"A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Mr. Tracy has amended his complaint not once, not twice, but three times. More importantly, his first cause of action is undoubtedly barred by the applicable statute of limitations. Giving Mr. Tracy a fourth chance to amend his first cause of action would prove futile, wasting both the court's and the parties' time. Accordingly, the first cause of action is dismissed with prejudice as to the defendants that have moved to dismiss.

### C. THE SECOND CAUSE OF ACTION: REVERSE FALSE CLAIMS UNDER 31 U.S.C. § 3729

Mr. Tracy alleges that the District "knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States Government, or knowingly concealed or knowingly and improperly avoided or

---

[6] The court assumes without deciding that the first cause of action states a violation of § 3729.

decreased an obligation to pay or transmit money or property to the United States Government." Third Am. Compl. ¶ 516. Specifically, Mr. Tracy alleges that the District defaulted on the loan by failing to comply with certain conditions and, because it was in default, the District was obligated to transmit money to the Government. Third Am. Compl. ¶¶ 529–30.

The second cause of action is based on § 3729(a)(1)(G), which imposes liability on any person who (1) "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government" or (2) "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."[7] The term "obligation," as it is used in the False Claims Act, means "*an established duty*, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based relationship or similar relationship, from statute of regulation, or from the retention of any overpayment." § 3729(b)(3) (emphasis added).

Mr. Tracy concedes that he is relying on the second provision of § 3729(a)(1)(G).[8] Thus, to state a claim to relief, Mr. Tracy's allegations must plausibly establish that the District

---

[7] Claims brought under § 3729(a)(1)(G) have been referred to as reverse false claims: "instead of creating liability for wrongfully *obtaining* money from the government, the reverse-false-claims provision creates liability for wrongfully *avoiding* payments that should have been made to the government." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1226 (10th Cir. 2017).

[8] The court assumes without deciding that Mr. Tracy can rely on the second provision of § 3729(a)(1)(G). In 2009, Congress amended the False Claims Act. Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4, 123 Stat. 1617, 1621 (2009). At that time, Congress included the provision upon which Mr. Tracy relies: "Congress added a second route to liability . . . . This second route to liability expands on the first by not requiring a 'false record or statement.' Simply 'knowingly and improperly avoid[ing] . . . an obligation to pay or transmit money or property to the Government' is enough." *Barrick*, 878 F.3d at 1230. Congress provided that the amendment to § 3729(a)(1)(G) "shall take effect on the date of enactment [May 20, 2009] . . . and *shall apply to all conduct on or after the date of enactment*." Pub. L. No. 111-21, § 4(f), 123 Stat. at 1625 (emphasis added).

knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government. *See* § 3729(a)(1)(G). The defendants contend that Mr. Tracy has not alleged that the District was obligated to pay or transmit money or property to the Government. The court agrees.

### 1. Mr. Tracy's Allegations Do Not Plausibly Establish That the District Was Obligated to Pay or Transmit Money or Property to the Government

Mr. Tracy alleges in a conclusory manner that "[b]ecuase [the district] . . . defaulted on the loan, it has an established duty to transmit or pay money to the United States Government." Third Am. Compl. ¶ 530. But this allegation is nothing more than an unsupported legal conclusion—so the court disregards it. *Iqbal*, 556 U.S. at 680 (noting that the Court, in *Twombly*, implicitly held that plaintiff's assertion of an "unlawful agreement" was a legal conclusion not entitled to an assumption of truth). Curiously, Mr. Tracy says nothing about whether the terms of the loan required the District to transmit money or property to the Government in the event of default. Indeed, nowhere in the third amended complaint does Mr. Tracy allege *facts* showing that the District was obligated to transmit money or property to the Government in the event of default. Consequently, Mr. Tracy has not sufficiently alleged that the District was "obligat[ed] to pay or transmit money or property to the Government" and thus his second cause of action does not state a claim to relief.

### 2. The Terms of the Loan Contradict Mr. Tracy's Conclusory Allegations

Even if the court credits Mr. Tracy's conclusory allegations (it cannot), the allegations are contradicted by the terms of the loan. Mr. Tracy did not attach the loan documents to his third amended complaint. But the court can nevertheless consider the terms of loan at this stage because: (1) the loan is referenced in the third amended complaint, (2) the terms of the loan are central to Mr. Tracy's claims, and (3) the defendants have attached a copy of the loan documents

to their motion, and Mr. Tracy has not challenged their authenticity. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) ("Courts are permitted to review 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" (citation omitted)).[9]

The terms of the loan documents contradict Mr. Tracy's conclusory allegations. Mr. Tracy alleges that the District defaulted on the loan and was therefore required to pay or transmit money or property to the Government. Third Am. Compl. ¶ 530. But this conclusory allegation finds no support in the loan documents, which provide:

> Section 5.1. <u>Default and Remedies</u>. Failure of the [the District] to perform any covenant or requirement of the [the District] under this Bond Resolution within thirty (30) days after having been notified in writing by a Bondholder[10] of such failure, shall constitute an event of default hereunder and shall allow each Bondholder to take the following enforcement remedies:
>
> (a) The Bondholder may require the [the District] to pay an interest penalty equal to eighteen percent (18%) per annum of the outstanding principal amount on the Series 2002 Bonds and the Hardship Grant Assessment, said interest penalty to accrue from the date of the notice of the Bondholder to the [the District] referenced hereinabove until the default is cured by the [the District]. Said interest penalty shall be paid on each succeeding payment date until the default is cured by the [the District].
>
> (b) The Bondholder may appoint a trustee bank to act as a receiver of the Revenues of the System for the purposes of applying said Revenues toward the Revenue allocations required in Section 3.4 herein and in general protecting and enforcing each Bondholder's right thereto, in which case, all administrative costs of the trustee bank in performing said function shall be paid by the [the District].

Notably, an event of default occurs only if the District fails "to perform any covenant or requirement of the [the District] under this Bond Resolution within thirty (30) days *after having been notified in writing by a Bondholder of such failure*." (emphasis added). And if there is an

---

[9] Moreover, the defendants requested that the court consider the terms of the loan, and Mr. Tracy did not oppose the request.

[10] "Bondholder" is defined as "the registered holder of any Series 2002 Bond . . . ."

10

event of default, "[t]he Bondholder *may* require [the District] to pay an interest penalty." (emphasis added).

Here, Mr. Tracy fails to allege that there was an event of default because he does not allege that the District was "notified in writing" that it had failed to perform a covenant or requirement of the loan. Because Mr. Tracy did not allege an event of default, the District, taking Mr. Tracy's allegations as true, was not required to pay an interest penalty and thus the District was not "obligat[ed] to pay or transmit money or property to the Government." *See* § 3729(a)(1)(G); *Barrick*, 878 F.3d at 1231 ("[P]otential obligations [are] not actionable under the [False Claims Act]."). And even if Mr. Tracy alleged an event of default (he did not), he did not allege that the Bondholder required the District to pay an interest penalty: as the loan provides, "[t]he Bondholder *may* require [the District] to pay an interest penalty." (emphasis added). That is, even if there was an event of default, the District was not necessarily required to pay an interest penalty. In short, the terms of the loan are inconsistent with Mr. Tracy's allegation that the District was in default and was therefore required to pay or transmit money or property to the Government. Consequently, the second cause of action fails to state a claim that is plausible and must be dismissed.

### 3. The Second Cause of Action and thus the Third Amended Complaint Must Be Dismissed with Prejudice

As noted above, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton*, 434 F.3d at 1219. Mr. Tracy has had four opportunities to state a claim against the defendants. He has been unable to do so. At this point, it is apparent that Mr. Tracy cannot state a claim for relief against the defendants because he has none. As such, Mr. Tracy's second cause of action, and thus his complaint, is dismissed with prejudice as to the defendants that have moved to dismiss the

complaint. *See Barrick*, 878 F.3d at 1233 (affirming district court decision to dismiss complaint with prejudice because relator could not allege that there was an "established duty" to pay the Government).

## IV. CONCLUSION

The following motions are GRANTED: Motion to Dismiss Third Amended Complaint (ECF No. 207); Motion to Dismiss Relator's Third Amended Complaint (ECF No. 208); and Motion to Dismiss Relator's Third Amended Complaint (ECF No. 210).

Mr. Tracy's Third Amended Complaint (ECF No. 204) is DISMISSED WITH PREJUDICE as to the following defendants: Emigration Improvement District; Fred A. Smolka; Michael Hughes; Mark Stevens; David Bradford; Lynn Hales; Eric Hawkes; R. Steve Creamer; and Carollo Engineers.

Mr. Tracy is ORDERED to show cause as to why his third amended complaint should not be dismissed with prejudice as to the remaining defendants. Alternatively, Mr. Tracy may voluntarily dismiss his remaining claims. Mr. Tracy shall respond accordingly on or before Friday, June 22, 2018.

Signed June 22, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge