FILED
2021 MAR 30 AM 11:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MARK CHRISTOPHER TRACY,<br><br>Plaintiff,<br><br>v.<br><br>EMIGRATION IMPROVEMENT DISTRICT, *et al.,*<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:14-cv-00701-JNP<br><br>District Judge Jill N. Parrish |

**INTRODUCTION**

Before the court are three motions to dismiss (ECF Nos. 281, 282, 283) filed by Carollo Engineers, Inc., Emigration Improvement District, Michael Hughes, Mark Stevens, David Bradford, Fred R. Smolka, Lynn Hales, Eric Hawkes, and Steve Creamer (collectively "Defendants"). Relator Mark Tracy ("Tracy") brings this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, against 22 named defendants and 145 unnamed "Doe" defendants.[1] The above-named defendants move to dismiss Tracy's sole surviving claim. For the reasons set forth below, the court GRANTS Defendants' motions.

---

[1] The twenty-two named defendants are Emigration Improvement District; Barnett Intermountain Water Consulting; Carollo Engineers, Inc.; Aqua Environmental Services, Inc.; Aqua Engineering, Inc.; R. Steve Creamer; Fred A. Smolka; Michael Hughes; Mark Stevens; David Bradford; Lynn Hales; Eric Hawkes; Don A. Barnett; Joe Smolka; Ronald R. Rash; Kenneth Wilde; Michael B. Georgeson; Kevin W. Brown; Robert Rousselle; Larry Hall; The Boyer Company, L.C.; and City Development, Inc.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Emigration Improvement District (the "District") is a special service district organized under the laws of the State of Utah. The District was created to provide water and sewer services to the residents of Emigration Canyon, a township in Salt Lake County, Utah. The District has the power to issue bonds, charge fees and assessments, and levy taxes on the residents of Emigration Canyon.

On September 29, 2004, the District received the final disbursement of a $1.846 million loan. The loan came from Utah's Drinking Water State Revolving Fund, which uses federal funds to finance the construction of water systems for drinking or culinary water. Importantly, the District had submitted its last claim for payment 16 days earlier on September 13, 2004.

Tracy filed his initial complaint on September 26, 2014. His current complaint, the third amended complaint, alleges two causes of action under the FCA. First, he alleges that the District and its co-conspirators made false statements that induced the Government to disburse the proceeds of the $1.846 million loan. Second, he alleges that the District, after the loan proceeds were disbursed, failed to comply with conditions of the loan and failed to report this noncompliance to the Government.

On June 22, 2018, the court dismissed both of Tracy's claims. It dismissed the first because it concluded that it was time-barred. In dismissing Tracy's first claim, the court applied Tenth Circuit precedent that relator-initiated FCA suits are subject to the six-year repose period found in 31 U.S.C. § 3731(b)(1), not the ten-year repose period found in 31 U.S.C. § 3731(b)(2). *See United*

---

Tracy voluntarily dismissed his claims against Aqua Environmental Services, Inc.; Aqua Engineering, Inc.; Robert Rouselle; and Larry Hall. And Tracy has not served The Boyer Company, L.C. and City Development, Inc.

*States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006), *abrogated by Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019). Because Tracy initiated his suit long after the six-year period had expired, the court dismissed it as time-barred, but did not evaluate the timeliness of his claim relative to the ten-year period. The court dismissed Tracy's second cause of action because it contained allegations that were both conclusory and contradicted by evidence that Tracy incorporated by reference into his third amended complaint.

Tracy appealed only the dismissal of his first claim to the Tenth Circuit Court of Appeals. While that appeal was pending, the Supreme Court agreed to hear *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019), a case involving the statutory repose periods contained in the FCA. The Tenth Circuit stayed Tracy's appeal pending the outcome of *Cochise*. In May 2019, the Supreme Court issued its decision in *Cochise*, abrogating the Tenth Circuit's decision in *Sikkenga*, which, as explained above, this court had applied in dismissing Tracy's first claim. In *Cochise*, the Supreme Court ruled that FCA actions initiated by private relators are subject to the ten-year repose period found in 31 U.S.C. § 3731(b)(2), even where the government declines to intervene (as is the case here). 139 S. Ct. at 1511–14.

In light of the *Cochise* decision, the Tenth Circuit vacated this court's dismissal of Tracy's first claim. It stated:

> [T]he district court did not evaluate the timeliness of Tracy's complaint under § 3731(b)(2) because at the time of its decision, it was bound by *Sikkenga*. And in so doing, it only assumed without deciding that September 29, 2004, was the "the last possible date" that an FCA violation could have occurred. Now that § 3731(b)(2)'s ten-year period applies to Tracy's allegations, we remand for the district court to decide in the first instance whether Tracy filed his complaint "more than 10 years after the date on which the violation [wa]s committed." § 3731(b)(2).

*United States ex. rel. Tracy v. Emigration Improvement Dist.*, 804 F. App'x 905, 909 (10th Cir. Feb. 28, 2020). Upon remand, Defendants filed the present motions to dismiss, asking the court to dismiss Tracy's remaining claim under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Tracy's claim is time-barred by the FCA's ten-year repose period.[2]

## LEGAL STANDARD

Dismissal of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when the plaintiff fails to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must allege more than labels or legal conclusions and its factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations, for example, show that relief is barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Id.*; *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense,

---

[2] Defendants offer other arguments why Tracy's claim should be dismissed, but the court need not reach them because it concludes that the claim is time-barred.

when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

## DISCUSSION

Defendants move to dismiss Tracy's sole surviving claim on the ground that it is barred by Section 3731(b)(2)'s ten-year statute of repose. They argue that the relevant date for determining when the statute begins to run is the last date on which Defendants submitted a false claim to the government. Here, that date is September 13, 2004, the date on which the District submitted to the government its final request for payment. *See* ECF No. 281-1 at 4. Because Tracy filed suit on September 26, 2014, Defendants argue that his claim is time-barred. Tracy responds that the repose period does not begin to run until the government actually suffers damages—in other words, the date on which the government made the payment induced by the false claim. Because the government did not remit its final payment to the District until September 29, 2004, he argues that this action was timely filed.

The survival of Tracy's claim turns on whether Section 3731(b)(2)'s ten-year period begins to run on the date the District made its last claim for payment or on the date the government last remitted payment to the District. In other words, the survival of the claim depends on whether Section 3731(b)(2) is a statute of repose or a statute of limitations. As the court explained previously, "[a] statute of repose 'bars[s] any suit that is brought after a specified time since the defendant acted . . . , even if this period ends before the plaintiff has suffered resulting injury.'" ECF No. 226 at 6 n.5 (quoting *CTS Corp. v Waldburger*, 573 U.S. 1, 8 (2014) (citation omitted) (second alteration in original)). In other words, a statute of repose creates a limit that "is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *CTS Corp.*, 573 U.S. at 8. In contrast, a statute of limitations does not

5

begin to run until a claim accrues. *Id.* at 7. A claim accrues "when the injury occurred or was discovered." *Id.* at 8 (citation omitted). Further, statues of limitations are subject to equitable tolling where some hardship prevents a plaintiff from bringing a claim; statutes of repose are not. *Id.* at 9–10.

In short, courts calculate statutes of repose and statutes of limitations based on different events. A statute of repose begins to run at the time the defendant commits the last relevant culpable act (here, the request for payment on September 13, 2004), whereas a statute of limitations begins to run at the time the plaintiff last suffers injury (here, the final payment issued by the federal government on September 29, 2004). If the ten-year period in Section 3731(b)(2) is a statute of repose, Tracy's surviving claim is time-barred and must be dismissed. If, however, the period is a statute of limitations, then his claim is not time-barred.

Based on the plain language of the statute, the weight of the authority, including Supreme Court precedent, and on Tracy's own prior argument in this matter, the court concludes that Section 3731(b)(2) creates a statute of repose and not a statute of limitations. 31 U.S.C. § 3731(b) provides:

> A civil action under section 3730 may not be brought—(1) more than 6 years after the date on which the violation of section 3729 is committed, or (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, <u>but in no event more than 10 years after the date on which the violation is committed</u>, whichever occurs last.

(emphasis added). The plain language of the statute states that the ten-year period begins to run on the date when the "violation is committed." This is opposed to the three-year period described immediately prior, which only begins to run when "facts material to the right of action" are known to the government. The ten-year period places an upper limit on the otherwise applicable

6

limitations period, clearly indicating that the ten-year limit is a repose provision. And the term "violation," plainly read, refers to the presentation of the false claim to the government, not to the government's payment to the false claimant. *See* 31 U.S.C. § 3729(a)(1)(A) (explaining that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" is liable under the FCA). Because the ten-year period begins to run on the date the violation occurred and because "violation" refers to the culpable act of the defendant, the court concludes that the ten-year period is a statute of repose.

This conclusion is also consistent with the Supreme Court's observation in *Graham County Soil & Water Conservation District v. United States ex rel. Wilson*, 545 U.S. 409, 415 (2005). In that case, the Supreme Court stated that Section 3731(b)(1) "t[ies] the start of the time limit to 'the date on which the violation of section 3729 is committed'"; "[i]n other words the time limit begins to run on the date the defendant submitted a false claim for payment." *Id.* While this statement is dicta, it indicates that the Supreme Court interprets the ten-year period as beginning to run at the time of the violation and not at the time of the government's payment. The Tenth Circuit has similarly referred to the ten-year period as a statute of repose, albeit in dicta. *See Sikkenga*, 472 F.3d at 723.³

---

³ The Tenth Circuit has not directly confronted the issue at hand, but it has provided some indication that it reads the ten-year period in Section 3731(b)(2) as beginning to run when the claim for payment is submitted. *See Armstrong v. Wyo. Dep't. of Env't Quality*, 674 Fed. App'x. 842, 845–46 (10th Cir. 2017) ("[The relator] contends that the district court erred in concluding that his FCA claim is time-barred. In support, he points to his allegation that defendants accepted federal funds as late as 2015. But [the relator] doesn't explicitly argue—let alone provide authority establishing—that the FCA's statute of limitations begins to run only when a party *accepts payment* from the government on a false claim, as opposed to when a party 'knowingly presents' such a claim to the government." (citing 31 U.S.C. § 3129(a)(1)(A))) (emphasis added). Other federal circuit courts recognize that the FCA attaches liability to the claim for payment, not the government's wrongful payment. *See United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995)

And Tracy himself has previously argued that this is the correct interpretation of Section 3731. In a memorandum filed on January 20, 2016 (ECF No. 88), Tracy stated, "Based upon the plain language of the statute, when a 'violation' occurs determines when the statute of limitations begins, and not the 'payment.'" *See* ECF No. 88 at 7. Tracy may not argue for one purpose that the statutory period begins to run at the time of the violation and for another purpose that it begins to run at the time of payment.

In contrast to his prior position, Tracy now argues that the limitations period begins to run from the date of payment. In so arguing, he relies on *Jana, Inc. v. United States*, 41 Fed. Cl. 735 (1998). The *Jana* court reasoned that because Section 3729 provides that the false claimant may be liable for civil penalties and for actual damages, the ten-year period begins to run at different times depending on what damages the United states (or relator) is seeking. *Id.* at 743. Where a suit seeks only civil penalties, the period begins to run on the date the false claim for payment was submitted. *Id.* Where a suit seeks actual damages, however, the period begins to run from the date the government makes payment because "all the events necessary to state the government's claim do not occur until the government has made full payment on the claim, since the government does not incur actual damages until then." *Id.* Relying on *Jana*, Tracy argues that because he seeks

---

("[T]he statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'"); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999) (same). Other federal district courts faced with this issue have concluded that the period begins to run at the time the claim for payment was submitted. *See, e.g., United States ex rel. Bauchwitz v. Holloman*, 671 F. Supp. 2d 674, 687–88 (E.D. Pa. 2009); *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 816 (E.D. Tex. 2008). Thus, the weight of the authority supports the conclusion that the ten-year period is one of repose.

actual damages, Section 3731(b)(2)'s ten-year period did not begin to run until the government made payment to the District on September 29, 2004.

But this court is not bound by the *Jana* court's decision, nor is it persuaded by its reasoning. As explained by another federal court faced with this issue:

> In effect, [the *Jana* court] established two statutes of limitations, one for civil penalty cases and another for damages cases.
>
> There is no justification for importing an optional statute of limitations into the statute. Nowhere in the FCA is there a distinction between civil penalty and damages cases for purposes of applying the statute of limitations. Both types of cases are treated the same. Nor is there anything in the legislative history that suggests that Congress intended two different statutes of limitations depending on whether the cause of action was for civil penalties or for damages. Thus, the foundation of the *Jana* court's reasoning cannot support its holding that the limitations period in *qui tam* actions is not triggered until payment is made. . .
>
> Waiting for damages to start accumulating before starting the FCA clock ticking is inconsistent with established legal principles and the purpose of the FCA.

*United States ex rel. Bauchwitz v. Holloman*, 671 F. Supp. 2d 674, 688 (E.D. Pa. 2009).[4] Moreover, *Jana* was decided before the Supreme Court's decision in *Graham County Soil*, which stated, albeit in dicta, that the relevant date is the date on which the false claim is submitted. 545 U.S. at 415. The court therefore concludes that Tracy's surviving claim is time-barred and must be dismissed.[5]

---

[4] In addition, the *Jana* court acknowledged that Section 3731(b)(2) creates a statute of repose. 41 Fed. Cl. at 741. This presents a conflict with its reasoning because, as explained above, a statute of repose focuses on the date of the last culpable act by the defendant, not on the date the claim accrues. *CTS Corp.*, 573 U.S. at 8.

[5] Tracy also argues that this court agreed with his interpretation of Section 3731(b)(2) because in its prior decision dismissing this action, it stated that "the alleged violations occurred almost ten years before [ ] Tracy filed suit." ECF No. 226 at 1. Tracy's characterization of this court's prior statement is wrong for at least two reasons. First, in its prior decision, this court recognized, without explicitly holding, that a violation of the FCA occurs at the time a defendant makes a false

Finally, Tracy requests that his claim be denied without prejudice. He argues that the District has not paid back the full loan amount, and that it may therefore default in the future. If this happens, Tracy contends, there could be a renewed basis for a *qui tam* action. But this argument fails in light of the court's holding that the ten-year repose period is measured from the time the District submitted its last claim for payment, not from the time the government incurs damages. Any future default by the District is irrelevant to the court's determination because it cannot change the fact that Tracy brought this action more than ten years after the District submitted the last claim for payment submitted by the District. Because granting leave to amend would be "futile," the court dismisses Tracy's claim with prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile.").

---

statement to the government. *See id.* at 7. Second, the court's observation that the violation occurred "almost" ten years before Tracy filed suit was made in reliance on what amounted to a misrepresentation by Tracy. Tracy attached to his Third Amended Complaint a letter dated September 29, 2004, which was prepared by the Utah Department of Environmental Quality (not the District) and entitled "Payment Request for Construction of SRF Project." *See* ECF No. 204-1 at 2. But that letter was not a request for payment by the District; rather, the request for payment was apparently attached to the letter and was dated over two weeks earlier on September 13, 2004. *Id.* ("Attached is the final Pay Request (#6) for the [District's] project."). Tracy either strategically or recklessly failed to include the attachment to the letter, leaving the court with the mistaken and unquestionably incorrect impression that the District's final request for payment had occurred almost ten years before Tracy filed suit. The District did attach the final payment request, dated September 13, 2004, to its Motion to Dismiss. *See* ECF No. 282-1 at 2–5; *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (explaining that when evaluation Rule 12(b)(6) motions to dismiss, district courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (citation omitted)).

10

## CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS Defendants' motions to dismiss. Tracy's sole surviving claim is DISMISSED WITH PREJUDICE as to the moving Defendants (Carollo Engineers, Inc., Emigration Improvement District, Michael Hughes, Mark Stevens, David Bradford, Fred R. Smolka, Lynn Hales, Eric Hawkes, and Steve Creamer).

Tracy is HEREBY ORDERED to show cause why his third amended complaint should not be dismissed with prejudice as to the remaining defendants: Barnett Intermountain Water Consulting; Don A. Barnett; Joe Smolka; Ronald R. Rash; Kenneth Wilde; Michael B. Georgeson; Kevin W. Brown; The Boyer Company, L.C.; and City Development, Inc. Alternatively, Tracy may voluntarily dismiss his remaining claims. Tracy shall respond accordingly on or before **April 14, 2021.**

DATED March 30, 2021.

BY THE COURT

Jill N. Parrish
United States District Court Judge