FILED
2021 OCT 29 AM 10:02
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MARK CHRISTOPHER TRACY, <br><br> Plaintiff, <br><br> v. <br><br> EMIGRATION IMPROVEMENT DISTRICT, *et al.*, <br><br> Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS AND GRANTING DEFENDANTS' MOTION TO AMEND** <br><br> Case No. 2:14-cv-701-JNP <br><br> District Judge Jill N. Parrish |

Defendants Emigration Improvement District ("the District"), Michael Hughes, Mark Stevens, David Bradford, Fred R. Smolka (deceased), Eric Hawkes, and Lynn Hales (collectively, "Defendants") filed a motion for attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927 against *qui tam* relator Mark Christopher Tracy ("Tracy") and his counsel, Christensen and Jensen, P.C. ("Christensen & Jensen"). Defendants subsequently moved to amend the motion to withdraw claims against Christensen & Jensen. For the reasons stated below, the court awards attorneys' fees and costs against Tracy.

### BACKGROUND AND PROCEDURAL HISTORY

The District is organized under Utah law as a special service district to provide water and sewer services to Emigration Canyon residents. The District can issue bonds, charge fees and assessments, and levy taxes on Emigration Canyon residents. The District received a $1.846 million loan from Utah's Drinking Water State Revolving Fund, which uses federal funds to

finance the construction of water systems for drinking or culinary water. The District received the final disbursement on the loan around September 2004.

Tracy, acting as a relator, filed a *qui tam* complaint against Defendants under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*., on September 26, 2014. Tracy amended his complaint three times. He filed his First Amended Complaint on May 1, 2015, his Second Amended Complaint on August 18, 2015, and his Third Amended Complaint on April 16, 2018. Tracy also recorded a *lis pendens* against a portion of the District's water rights on August 20, 2015, claiming that they were the subject of the present litigation.[1] The United States declined to intervene in the matter on three separate occasions: (1) after reviewing the First Amended Complaint on May 8, 2015 (ECF No. 11); (2) after reviewing the Second Amended Complaint on November 20, 2015 (ECF No. 69); and (3) after reviewing the Third Amended Complaint on March 20, 2018 (ECF No. 199).

The final operative complaint alleged two causes of action. First, Tracy alleged that the District and its supposed co-conspirators made false statements that induced the government to disburse the proceeds of the $1.846 million loan. Second, Tracy alleged that the District, after the loan proceeds were disbursed, failed to comply with conditions of the loan and failed to report this noncompliance to the Government.

On June 22, 2018, the court dismissed Tracy's Third Amended Complaint as to defendants as Smolka, Hughes, Stevens, Bradford, Hales, Hawkes, Creamar, Carollo Engineers, and the District. The court also ordered Tracy to show cause as to why the court should not also dismiss his claims as to the remaining defendants. After considering Tracy's response, the court dismissed with prejudice all remaining claims as to all remaining defendants on June 25, 2018.

---

[1] On May 25, 2016, the court heard oral argument on Defendants' motion to release the *lis pendens*. The court granted the motion from the bench, ruling that the *lis pendens* was a wrongful lien and awarding statutory damages and attorneys' fees.

Following the June 22, 2018 dismissal of both claims, Tracy appealed the dismissal of his first cause of action to the Tenth Circuit. This court had dismissed Tracy's first claim as time barred, applying then-binding Tenth Circuit precedent that required this court to enforce the six-year repose period found in 31 U.S.C. § 3731(b)(1), not the ten-year repose period found in 31 U.S.C. § 3731(b)(2). *See U.S. ex rel. Tracy v. Emigration Improvement Dist.*, No. 2:14-cv-00701, 2018 WL 3111687, at *3 (D. Utah June 22, 2018) (citing *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 725 (10th Cir. 2006), *abrogated by Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 139 S. Ct. 1507 (2019)), *vacated and remanded*, 804 F. App'x 905 (10th Cir. 2020). This court found that Tracy clearly failed to meet the six-year period but did not evaluate the timeliness of his claim relative to the ten-year period. While Tracy's appeal was pending in the Tenth Circuit, the Supreme Court ruled that False Claims Act actions initiated by private relators are subject to the ten-year repose period found in 31 U.S.C. § 3731(b)(2), even where the government declines to intervene (as was the case in Tracy's lawsuit). *Cochise*, 139 S.Ct. at 1511-14. In light of the *Cochise* decision, the Tenth Circuit vacated this court's dismissal of Tracy's first claim and remanded the case for this court to determine whether Tracy filed his complaint within the ten-year repose period. On March 30, 2021, this court found that Tracy did not meet the ten-year repose period and again dismissed his complaint.

The court has previously awarded attorneys' fees and costs against both Tracy and Christensen & Jensen. On March 20, 2017, the court entered a joint and several judgment against Christensen & Jensen and Tracy for Defendants' attorneys' fees and costs in the amount of $29,936 related to the wrongfully filed *lis pendens*. On February 5, 2019, after dismissing both of Tracy's claims, the court awarded attorneys' fees and costs in the amount of $92,665 against Tracy ("Initial Attorneys' Fees Order"). The court declined to hold Christensen & Jensen jointly and severally

liable because it found no evidence that Christensen & Jensen had acted unreasonably or vexatiously beyond the wrongfully filed *lis pendens*, for which it had already been billed pursuant to the court's March 20, 2017 order. When the Tenth Circuit vacated this court's June 22, 2018 dismissal order, it also vacated the court's Initial Attorneys' Fees Order and remanded for this court to reconsider whether Defendants prevailed and thus were entitled to attorneys' fees and costs.

After the court found that Defendants indeed prevailed on remand, Defendants filed another motion for attorneys' fees and costs against Tracy and Christensen & Jensen on April 7, 2021. Following the motion, the parties began to discuss a potential settlement conference. Tracy declined to participate. On June 29, 2021, Christensen & Jensen and Defendants reached a settlement wherein Christensen & Jensen paid the Defendants $87,500 in consideration for releasing it from all suits and obligations related to its representation of Tracy. Following Tracy's motion for access to the settlement agreement, Christensen & Jensen filed the written settlement agreement with the court.

In light of the settlement with Christensen & Jensen, Defendants filed a motion to amend their motion for attorneys' fees and costs. The motion to amend sought two changes to the requested relief. First, Defendants moved to withdraw their claims against Christensen & Jensen. Second, Defendants moved to release Tracy from any fees and costs awarded by the Court for the period of time between the court's February 5, 2019 order granting in part and denying in part Defendants' motion for attorneys' fees and costs (ECF No. 243) and the court's order granting Defendants' motion to dismiss on March 30, 2021 (ECF No. 298) ("the Release Period"). On July

19, 2021, the court acknowledged that Defendants had withdrawn their claim for attorneys' fees as to Christensen & Jensen. [2]

## LEGAL STANDARD

Although Defendants' motion for attorneys' fees and costs cites both 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927, the motion as to Tracy relies solely on 31 U.S.C. § 3730(d)(4). Therefore, the court relies only on 31 U.S.C. § 3730(d)(4) in resolving Defendants' motion. Pursuant to 31 U.S.C. § 3730(d)(4), a court may award attorneys' fees to Defendants if (1) the government elects not to proceed with the action; (2) the Defendants prevail; and (3) the court finds that the claim was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." The False Claims Act "does not define the terms 'clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment,'" but the Tenth Circuit has found that the § 3730(d)(4) standard is "analogous" to the standard applied to claims for attorneys' fees under 42 U.S.C. § 1988. *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055 (10th Cir. 2004).

## ANALYSIS

### I.  BASIS FOR AWARD OF ATTORNEYS' FEES AGAINST TRACY

In this case, the government declined to intervene three times (ECF Nos. 11, 69, 199) and Defendants prevailed (ECF No. 298). Therefore, the only element in dispute is whether Tracy's action was clearly frivolous, vexatious, or brought primarily for purposes of harassment. Although courts often analyze all three elements of the third prong, each element can independently sustain an award of attorney's fees. *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1017-18

---

[2] Tracy also filed an objection to the court's docket text order, which stated that the court would consider Defendants' motion for attorneys' fees only insofar as it sought fees from Tracy, as specified in Defendants' motion to amend. Tracy objected that he was unaware of the settlement terms between Defendants and Christensen & Jensen. Because the settlement is now filed on the docket, the court finds this objection to be moot.

(10th Cir. 2017) (upholding attorneys' fees solely because relator's claim was clearly frivolous without reaching the two other elements).

The court previously found that Tracy's behavior satisfied all three elements. ECF No. 243. And, when remanding the case, the Tenth Circuit noted that if this court determined that Defendants prevailed, this court "may again find Tracy's claims clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *U.S. ex rel. Tracy v. Emigration Improvement Dist.*, 804 F. App'x 905, 909 (10th Cir. 2020) (citation and alteration omitted). For the reasons stated below, the court so finds.

### A.   *Clearly Vexatious*

Vexatious refers to actions that are taken "without reasonable or probable cause or excuse." *United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999) (quoting *Vexatious*, BLACK'S LAW DICTIONARY 1559 (7th ed. 1999)). The court need not find bad faith on the part of the plaintiff-relator in order to find vexatiousness. *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) ("[T]he term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him."). In its order on Defendants' first motion for attorneys' fees and costs, this court found that Tracy's actions related to this litigation were vexatious. *See* ECF No. 243. Subsequent litigation has not disturbed the basis for the court's decision in that order.

On August 20, 2015, Tracy filed a *lis pendens* against certain water rights in the district that Tracy claimed were the subject of the present lawsuit. Tracy's wrongful *lis pendens* led the court to find that Tracy's behavior was clearly vexatious. As the court previously wrote, "there was no good faith basis for suggesting that Tracy's lawsuit for damages under the False Claims Act had any bearing at all on the ownership of Defendants' water rights." ECF No. 243, p. 11.

6

And, when pressed, Tracy's counsel could not identify a single case supporting the *lis pendens* nor any language in Tracy's prayer for relief that would affect the District's property interest in the subject matter of the *lis pendens*. Hr'g Mot. Release Lis Pendens Tr. 21:1-25:8. Despite the fact that Tracy made no serious effort to defend filing the lien, he continued to send out letters to clients referencing the *lis pendens*, even after the government declined to intervene in this case. *Id.* at 36:9-40:8. The court's finding that the *lis pendens* was unreasonable and without foundation stands independent from any disagreements between the parties as to whether the lawsuit as a whole was frivolous because of the ten-year repose period. As such, the court found Tracy's behavior clearly vexatious when it first occurred, and no subsequent developments change that finding.

### B.   *Brought Primarily for the Purposes of Harassment*

In its original order on attorneys' fees, the court also found that Tracy's actions indicated bad faith and a clear intent to harass. *U.S. ex rel. J. Cooper & Assocs., Inc. v. Bernard Hodes Grp., Inc.*, 422 F. Supp. 2d 225, 238 n.19 (D.D.C. 2006) ("[T]he word 'harassment' suggests bad faith on the part of the plaintiff . . . ."). The court noted that Tracy wrote letters and emails to the residents of Emigration Canyon repeating specious allegations he made in his filings with the court. For example, Tracy used allegations he levied in court against two of the individual defendants in one of his letters at a time when the two defendants were running for reelection to the District's board. Tracy's letters to residents usually immediately followed new filings with the court, further bolstering the court's view that Tracy acted in bad faith in pursuing this lawsuit. Tracy's communications led the court to conclude that Tracy brought this case to air personal grievances against Defendants in pursuit of his own ulterior motives, rather than to seek money damages for the United States. *See U.S. ex rel. Herbert v. Nat'l Acad. of Scis.*, No. Civ. A. 90-2568, 1992 WL 247587, at \*9 (D.D.C. Sept. 15, 1992) ("Plaintiff uses the *qui* tam provisions for

the purposes of harassment . . . [when] the Plaintiff has done little more than dress up his personal grievance[s] . . . as a *qui tam* claim."). Again, none of the subsequent developments in this case alters the court's conclusion regarding Tracy's harassing behavior.

Tellingly, although Tracy argues vehemently that his claims were not frivolous, he never addresses the court's reasoning in the Initial Attorneys' Fees Order that he acted vexatiously and with the primary purpose to harass by filing a wrongful *lis pendens* and using the present lawsuit to air his own personal grievances. But the court need only find that a party acted vexatiously, with the purpose to harass, *or* frivolously to award attorneys' fees and costs. *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1017-18 (10th Cir. 2017). Thus, having found that Tracy's actions were both clearly vexatious and brought for the purpose of harassment, the court need not reach the question of whether Tracy's claim was clearly frivolous.

## II.    REASONABLE ATTORNEYS' FEES

Under 31 U.S.C. § 3730(d)(4) any fees awarded to Defendants must be "reasonable." This court has already determined that Defendants are entitled to $92,665 in attorneys' fees and costs for expenses related to this litigation prior to the court's Initial Attorneys' Fees Order on February 5, 2019. And the court need not gather evidence to determine the proper amount of attorneys' fees for expenses following the Initial Attorneys' Fees Order because Defendants and Christensen & Jensen have reached a settlement agreement that appears to roughly cover Defendants' fees for that period of time and have released Tracy from any fees and costs incurred by Defendants during that period.

Awarding $92,665 in attorneys' fees and costs against Tracy raises no concern about double recovery for Defendants. Defendants estimate that they incurred approximately $100,000 in fees and costs related to the litigation after the initial attorneys' fees order on February 5, 2019.

Therefore, Defendants would be entitled to approximately $193,000 in fees and costs—the costs adjudicated by the court in its Initial Attorneys' Fees Order plus the costs accrued by Defendants following that order. In consideration for an $87,500 settlement payment from Christensen & Jensen, Defendants released Tracy from any obligations for the period following the court's Initial Attorneys' Fees Order. Thus, Christensen & Jensen's payment went towards the Defendants' fees and costs that postdated the Initial Attorneys' Fees Order whereas the present judgment against Tracy accounts for Defendants' reasonable fees and costs that preceded the Initial Attorneys' Fees Order.

## ORDER

The court GRANTS Defendants' motion for an award of attorneys' fees and costs against relator Tracy pursuant to 31 U.S.C. § 3730(d)(4) in the amount of $92,665.00 for 384.8 hours billed. The court DENIES the motion to hold plaintiff's counsel jointly and severally liable and instead GRANTS Defendants' motion to amend the motion for attorneys' fees and costs to withdraw all claims against Christensen & Jensen and to release Tracy from any claims for fees incurred between February 5, 2019, and March 30, 2021. The court shall enter Judgment for Defendants against Mark Christopher Tracy in the amount of $92,665.

Signed October 29, 2021.

BY THE COURT

Jill N. Parrish
United States District Court Judge